UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHPREET SINGH SINGH (A-245-687-466),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-2261 DC CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Arshpreet Singh Singh (A-245-687-466), a native and citizen of India, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On April 6, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner be provided a bond hearing. (ECF No. 8.) On April 16, 2026, petitioner appeared before an immigration judge for a bond determination hearing and the immigration judge denied bond. (ECF No. 9.) For the following reasons, this Court recommends that the petition be dismissed as moot.

## I. BACKGROUND

Petitioner has filed two habeas petitions in this district, and is represented by different counsel in each action. The habeas petition in this action, Singh Singh I, was filed on March 23, 2026. (ECF No. 1.) Petitioner filed his second habeas petition on August 4, 2026. Singh Singh

v. Becerra, et al., No. 1:26-cv-6170 DC CSK (E.D. Cal.) (ECF No. 1) ("Singh Singh II"). The actions were related on August 10, 2026. (ECF No. 11.)

The factual and procedural background previously presented in the district judge's April 6, 2026 order in this action and the undersigned's September 16, 2026 findings and recommendations in related case Singh Singh II are incorporated herein. (See ECF No. 8; Singh Singh II, ECF No. 13.) This section focuses on updates since the actions were related.

On September 29, 2026, respondents filed a notice of changed circumstances in Singh Singh II stating that on September 28, 2026, the Board of Immigration Appeals granted petitioner's motion to withdraw his appeal of the immigration judge's May 12, 2026 decision that petitioner be removed to India. (Singh Singh II, ECF No. 14.) In response to this Court's order directing respondents to provide the petitioner's status, on October 16, 2026, respondents filed a status report in Singh Singh II stating that petitioner was removed from the United States on October 8, 2026. (Singh Singh II, ECF Nos. 15, 16.) Petitioner was ostensibly removed pursuant to the immigration judge's May 12, 2026 removal order after petitioner withdrew his appeal of the removal order. On October 19, 2026, this Court ordered petitioner to show cause within seven days why this action and Singh Singh II should not be dismissed as moot. (ECF No. 12; Singh Singh II, ECF No. 17.) Petitioner, who is represented by counsel in both actions, did not respond in either action. (See Docket; Singh Singh II, Docket.)

## II. DISCUSSION

For the following reasons, this Court recommends that this action be dismissed as moot. Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record reflects that as of October 8, 2026, petitioner was no longer in immigration custody. (Singh Singh II, ECF No. 16.) Though the Court provided petitioner, who is

represented by counsel, with the opportunity to show cause why this action should not be dismissed as moot, petitioner did not respond. (ECF No. 12; see Docket.) Because petitioner is not in immigration custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" due to petitioner's subsequent deportation, "curing his complaints about the length of his . . . detention"). Therefore, the Court recommends that this action be dismissed as moot.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed as moot.
2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing.2261.26.frs.moot